# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50414

———————

Anthony Chambers,

*Plaintiff—Appellant*,

*versus*

United States Treasury,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-424

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Anthony Chambers, currently incarcerated at the McLennan County Jail (inmate # 103895), moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal, as frivolous, of his pro se complaint. Chambers challenges the district court's determination that the appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a)(3)-(5). Our inquiry into whether

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his IFP motion and supporting brief, Chambers does not make any reference to or specifically assert any errors in the district court's analysis of his claims. Nevertheless, Chambers cannot make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. As discussed by the district court, his claims revolve around the legally unfounded "redemptionist theory." *Cf. Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (explaining the theory). Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Chambers's complaint as frivolous and the dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Chambers is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).